IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

FEB 23 2017

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:16CR232-MOC |
| | ) | |
| | ) | SUPERSEDING BILL OF |
| v. | ) | INDICTMENT |
| | ) | |
| | ) | Violations: 18 U.S.C. § 1951 |
| (1) MELVIN THOMAS LEWIS, | ) | 18 U.S.C. § 924(c) |
| a/k/a "Melvo," and | ) | 18 U.S.C. § 2 |
| (2) JERVONTEZ LAVASSIOR LEAK, | ) | |
| a/k/a "G." | ) | |
| | ) | |

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times material to this Superseding Bill of Indictment, EZ Pawn was a business engaged in commercial activities in the Western District of North Carolina and elsewhere, in and affecting commerce. EZ Pawn is a name brand and subsidiary of Courtland Financial Corporation, a privately owned pawn shop retailer with locations in North Carolina, Texas, Oklahoma, and Arizona, selling jewelry, firearms, tools, electronics, and general merchandise. Courtland Financial Corporation is headquartered in Austin, TX, and operates approximately 34 stores primarily under the name brands of EZ Pawn, National Pawn, EZ Dollar Pawn, and EZ Money Pawn. The EZ Pawn store located at 3701 Monroe Road, Charlotte, North Carolina, is in the business of merchandise in and affecting commerce.

## COUNT ONE
*(Conspiracy to Obstruct, Delay and Affect Commerce by Robbery)*

The Grand Jury realleges and incorporates herein the Introduction to this Superseding Bill of Indictment.

On or about August 25, 2016, in Mecklenburg County, within the Western District of North Carolina, the defendants,

**MELVIN THOMAS LEWIS,**
**a/k/a "Melvo," and**
**JERVONTEZ LAVASSIOR LEAK,**
**a/k/a "G,"**

did knowingly and unlawfully combine, conspire, confederate and agree with each other, and with others both known and unknown to the Grand Jury, to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain firearms, jewelry, and United States currency belonging to the EZ Pawn store located at 3701 Monroe Road in Charlotte, North Carolina, from the person and presence of employees' of said EZ Pawn Store, against such employees' will, and by means of actual and threatened force, violence, and fear of immediate and future injury to the employees' persons.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
*(Interference with Commerce by Robbery)*

The Grand Jury realleges and incorporates herein the Introduction to this Superseding Bill of Indictment.

On or about August 25, 2016, in Mecklenburg County, within the Western District of North Carolina, the defendants,

**MELVIN THOMAS LEWIS,**
**a/k/a "Melvo," and**
**JERVONTEZ LAVASSIOR LEAK,**
**a/k/a "G,"**

aiding and abetting each other, and others both known and unknown to the Grand Jury, did knowingly and unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain firearms, jewelry, and United States currency belonging to the EZ Pawn store, located at 3701 Monroe Road in Charlotte, North Carolina, from the person and presence of employees of said EZ Pawn store, against such employees' will, and by means of actual and threatened force, violence, and fear of immediate and future injury to the employees' persons.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT THREE
*(Brandishing a Firearm During, in Relation to and in Furtherance of a Crime of Violence)*

The Grand Jury realleges and incorporates herein the Introduction to this Superseding Bill of Indictment.

On or about August 25, 2016, in Mecklenburg County, within the Western District of North Carolina, the defendants,

**MELVIN THOMAS LEWIS,**
**a/k/a "Melvo," and**
**JERVONTEZ LAVASSIOR LEAK,**
**a/k/a "G,"**

aiding and abetting each other, and others both known and unknown to the Grand Jury, during and in relation to a crime of violence, that is, the violation of Title 18, United States Code, Sections 1951 and 2, Interference with Commerce by Robbery, as set forth in Count Two, for which they may be prosecuted in a court of the United States, did knowingly, and unlawfully use and carry one or more firearms, and, in furtherance of such crimes of violence, did possess said firearms.

It is further alleged that one or more of said firearms was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Sections 924(c) and 2.

**NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE**

Notice is hereby given of the provisions of 18 U.S.C. §§ 982 and 924, and 28 U.S.C. § 2461(c). Under § 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by § 981(a)(1)(C). The following property is subject to forfeiture in accordance with section 982, 924, and/or 2461(c):

(a)     all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the violations alleged in this bill of indictment;

(b)     all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations;

(c)     all property involved in such violations; and

(d)     in the event that any property described in (a), (b), or (c) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendants, to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds identified above:

(a)      a forfeiture money judgment in the amount of the proceeds of the violations set forth herein.

A TRUE BILL



JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

JENNIFER LYNN DILLON
ASSISTANT UNITED STATES ATTORNEY