UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-232-MOC-SCR

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MELVIN THOMAS LEWIS,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for BOP to Redeposit funds. (Doc. No. 116).

In the motion, Defendant explains that on September 16, 2021, this Court granted the Government's motion for authorization to withdraw $10,834.69 from his inmate trust account to satisfy his restitution obligation. (Doc. No. 92). Defendant argues that as of December 31, 2023, the BOP had not subtracted that amount from his inmate trust account. He further contends that, of the $10,834.69 that was marked for payment, $3,200 of that amount was placed in his inmate trust account as a Cares Act payment. He asks that $3,200 be placed back into his inmate trust account and the remaining of the $10,834.69 owed be subtracted from his inmate trust account. Thus, Defendant is challenging the BOP's administration of the Inmate Financial Responsibility Program ("IFRP").

The Court will dismiss without prejudice the motion so that Defendant may file the motion as a Section 2241 habeas petition in his district of confinement. See Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) ("[A]n inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241.");

Ihmoud v. Jett, 272 F. App'x 525, 526 (7th Cir. 2008) ("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241."); Matheny v. Morrison, 307 F.3d 709, 711–12 (8th Cir. 2002) (explaining that claims challenging the IFRP's schedule for petitioners' financial obligations "concern the execution of sentence, and are therefore correctly framed as § 2241 claims"). Moreover, the Court instructs Defendant that he should first file his administrative remedies with the BOP before filing a motion in his district of confinement.

Defendant's Motion for BOP to Redeposit funds. (Doc. No. 116) is **DISMISSED** without prejudice to Defendant to file the motion in his district of confinement.

**IT IS SO ORDERED**.

Signed: February 12, 2024

Max O. Cogburn Jr.
United States District Judge